IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
WESTERN DIVISION

| | |
|---|---|
| **WILLIAMS INDUSTRIAL SERVICE, INC.,** | CASE NO. 3:20 CV 1869 |
| Plaintiff, | |
| v. | JUDGE JAMES R. KNEPP II |
| **FPM, LLC,** | |
| Defendant. | MEMORANDUM OPINION AND ORDER |

## INTRODUCTION

Plaintiff Williams Industrial Service, Inc. filed its original complaint on August 21, 2020 (Doc. 1) and First Amended Complaint on November 13, 2020 (Doc. 13). Currently pending before this Court is Defendant FPM, LLC's partial Motion to Dismiss. (Doc. 23). In response, Plaintiff filed a combined Motion for Leave to File a Second Amended Complaint and Opposition to the Motion to Dismiss (Doc. 26); Defendant responded (Doc. 27) and Plaintiff replied (Doc. 28). For the reasons stated below, Plaintiff's Motion is granted in part and denied in part and Defendant's Motion is denied as moot.

## BACKGROUND

In October 2018, Defendant suffered extensive equipment damage after a fire broke out at Defendant's industrial heat-training facility. (Doc. 13, at 1). Defendant contracted with Plaintiff to repair the damaged equipment and replace unsalvageable equipment through at least 20 purported agreements. *See* Doc. 13-3. The agreements are documented in the "AR Aging" report and are summarized by Plaintiff as follows:

| Williams Quote | FPM PO | Order Date | Williams Invoice | Amount Due |
|---|---|---|---|---|
| 11275-A-5 | 89323 | 3/5/2019 | 9219-4 | $ 498,098.61 |
| 0011275-D2-1 | 89322 | 3/5/2019 | 9218-3 | $ 51,294.30 |
| 0011275-GEN-1 | 89440 | 3/18/2019 | 9222-1/9222-2 | $ 172,450.00 |
| 0011275-GEN-1 | 89438 | 3/18/2019 | 9221 | $ 43,244.70 |
| 11602 | 91577 | 1/8/2020 | SP9466 | $ 44,701.95 |
| 11621 | 91664 | 1/22/2020 | 9471-1 | $ 135,529.00 |
| 11681 | 92149 | 3/24/2020 | 9500 | $ 126,504.64 |
|  | 92660 |  | SP9576 | $ 1,056.35 |
| 11716-rev-2 | 92482 | 5/15/2020 | 9534 | $ 135,529.00 |
|  | 11779 |  | 9471A | $ 4,928.88 |
| Service Charge |  |  | SC#1 | $ 51,800.06 |
| Service Charge |  |  | SC#2 | $ 12,738.33 |
| Service Charge |  |  | SC#3 | $ 31,777.22 |
| Service Charge |  |  | SC#4 | $ 26,891.01 |
| Service Charge |  |  | SC#5 | $ 29,063.94 |
| Service Charge |  |  | SC#6 | $ 27,689.80 |
| Service Charge |  |  | SC#7 | $ 29,454.30 |
| Service Charge |  |  | SC#8 | $ 14,256.96 |
| Service Charge |  |  | SC#9 | $ 14,256.98 |
| Service Charge |  |  | SC#10 | $ 16,289.89 |
| Credit | 89322 |  |  | $ (57,568.77) |
| Credit | 89438 |  |  | $ (12,138.48) |
| Credit | 89438 |  |  | $ (16,623.00) |
| Credit | 89440 |  |  | $ (12,138.48) |
| Credit | 89440 |  |  | $ (30,221.00) |
|  |  |  | Total | $1,338,866.19 |

(Doc. 13, at 10; *see also* Doc. 13-3). Plaintiff gave Defendant the first quote (Quote 11275-A-5) on February 20, 2019 (hereinafter the "February 2019 Quotation"). *See* Doc. 13-3. The February 2019 Quotation contained contractual terms including, in relevant part:

- Terms are 30% with written purchase order, 40% upon shipment, 30% 30 days after start-up net 30.

- At this time, delivery is estimated at approximately 24-25 weeks, Expedited for this proposal we will target 22 weeks with exception to the DuraPak items which will

2

    remain at 24 weeks. We will work with all of our suppliers to improve deliveries to target 20-21 weeks.

- **WILLIAMS SHALL NOT HAVE ANY LIABILITY TO PURCHASER FOR LOST PROFITS OR ANY SPECIAL, CONSEQUENTIAL, EXEMPLARY OR INCIDENTAL DAMAGES OF ANY KIND WHETHER ARISING IN CONTRACT, TORT, PRODUCT LIABILIY [sic] OR OTHERWISE, EVEN IF ADVISED OF THE POSSIBILITY OF SUCH LOST PROFITS OR DAMAGES.**

(Doc. 13-1, at 28, 30) (emphasis in original). As of December 7, 2021, Defendant was delinquent in payments to Plaintiff by between 220 and 690 days. (Doc. 26-1, at 66). Plaintiff demanded payment from Defendant, but Defendant refused due to delay in delivery and consequential damages. (Doc. 13, at 2).

    In the First Amended Complaint, Plaintiff alleges a breach of written contract (Count 1), a breach of oral contract (Count 2), unjust enrichment (Count 3), and promissory estoppel. (Count 4). (Doc. 13, at 13-16). In its Motion to Dismiss, Defendant argues the breach of contract claims "are based on at least twenty (20) separate purported agreements between the parties" and that Plaintiff is attempting "to neatly lump all of its claims into these singular counts for breach of contract." (Doc. 23-1, at 1). Defendant further asserts Plaintiff "attach[ed] only one alleged contract to its Amended Complaint, and does not identify or describe the subject matter or any relevant terms of the remaining purported contracts." *Id*.

    Plaintiff's Second Amended Complaint seeks to remedy this issue by separating the singular counts of breach of contract into separate claims. (Doc. 26, at 7). If the Court were to grant Plaintiff's Motion for Leave to Amend, Plaintiff's claim for breach of written contract (previously Count 1) would be separated into ten new claims (Counts 1-10). (Doc. 26-1, at 12-27). Plaintiff's claim for breach of oral contract (previously Count 2) would become Count 11. *Id*. at 27-28. Attached to Plaintiff's proposed Second Amended Complaint are exhibits detailing each of the purported agreements. *See generally* Doc. 26-1.

3

Plaintiff's claim for unjust enrichment (previously Count 3) would become Count 12. *Id*. at 28-29. Plaintiff's claim for promissory estoppel (previously Count 4) would become Count 13. *Id*. at 29-30. Finally, Plaintiff's proposed Second Amended Complaint seeks to add a claim of conversion (Count 14). *Id*. at 30-31.

## STANDARD OF REVIEW

When deciding a motion to dismiss under Federal Civil Rule 12(b)(6), the Court tests the complaint's legal sufficiency. The Court is required to accept the allegations stated in the complaint as true, while viewing the complaint in a light most favorable to the plaintiff. *Hishon v. King & Spalding*, 467 U.S. 69, 73 (1984). Although a complaint need not contain "detailed factual allegations," it requires more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Thus, a complaint survives a motion to dismiss if it "contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). And "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Hensley Mfg. v. ProPride, Inc.*, 579 F.3d 603, 609 (6th Cir. 2009) (quoting *Iqbal*, 129 S. Ct. at 1949); *see also* Fed. R. Civ. P. 8(a)(2) (requiring "a short and plain statement of the claim showing that the pleader is entitled to relief").

## DISCUSSION

Defendant has moved to dismiss Counts 1 and 2 of the First Amended Complaint. *See generally* Doc. 23-1. Plaintiff argues the Court should permit the filing of its Second Amended Complaint and deny the Motion to Dismiss as moot. (Doc. 26, at 1). In response, Defendant "defers to the Court's discretion on whether to allow Plaintiff leave to file Counts 1-10 and 12-13

4

of its proposed Second Amended Complaint." (Doc. 27, at 10). However, Defendant further asserts "[b]ecause Counts 11 and 14 of Plaintiff's proposed Second Amended Complaint cannot withstand a motion to dismiss, leave should be denied as to those claims." *Id*. Each point will be discussed in turn.

Leave to File Second Amended Complaint

After amending a pleading once, "a party may amend its pleading only with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15(a)(2). The court should "freely give leave when justice so requires." *Id*. "In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'" *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

An amendment is futile "if the amendment could not withstand a Rule 12(b)(6) motion to dismiss." *Beydoun v. Sessions*, 871 F.3d 459, 469 (6th Cir. 2017) (quoting *Riverview Health Inst. LLC v. Med. Mut. of Ohio*, 601 F.3d 505, 512 (6th Cir. 2010)). Thus, to the extent any of Plaintiff's proposed claims cannot survive a Rule 12(b)(6) motion to dismiss, leave to amend will be denied.

Plaintiff brings fourteen claims for relief in the proposed Second Amended Complaint. *See generally* Doc. 26-1. Counts 1 through 10 allege breaches of written contracts. *Id*. at 12-27. Count 11 alleges a breach of an oral contract. *Id*. at 27-28. Counts 12 through 14 allege unjust enrichment, promissory estoppel, and conversion, respectively. *Id*. at 28-31.

5

*Counts 1-10; 12-13*

As an initial matter, the parties do not dispute that leave to amend pleadings under Federal Civil Rule 15 "shall be freely given when justice so requires." (Doc. 26, at 5; Doc. 27, at 10). As such, Defendant "defers to the Court's discretion on whether to allow Plaintiff leave to file Counts 1-10 and 12-13 of its proposed Second Amended Complaint." (Doc. 27, at 10). Because Defendant does not allege undue delay, bad faith or dilatory motive on the part of Plaintiff, futility of these amendments, repeated failure to cure deficiencies by amendments previously allowed, or undue prejudice, leave should be "freely given." *Parchman*, 896 F.3d at 736. Thus, Plaintiff's Motion for Leave to Amend is granted as to Counts 1-10 and 12-13 of the Proposed Second Amended Complaint. Defendant's Motion to Dismiss, as it pertains to Count 1 of the First Amended Complaint, is denied as moot.

*Count 11*

In Count 11 of the proposed Second Amended Complaint (former Count 2), Plaintiff alleges that while working at Defendant's facility, Defendant requested Plaintiff perform "certain additional work." (Doc. 26-1, at 27). Plaintiff accepted the request, which Plaintiff argues constitutes a valid, oral contract. *Id*. In response, Defendant argues the proposed Second Amended Complaint fails to cure the deficiencies it previously identified in Count 2 of the First Amended Complaint. (Doc. 27, at 10). Specifically, Defendant states this claim "encompasses six (6) purported breach of contract actions, leading to the same issues set forth in [Defendant's] Motion to Dismiss." *Id*. Further, Defendant argues that because the proposed Second Amended Complaint does not include any allegations pertaining to the formation of the purported agreements, it would not survive a Motion to Dismiss, making the amendment futile. *Id.* at 11.

6

There is no heightened standard for breach of contract claims and therefore only "a short and plain statement of the claim showing that the pleader is entitled to relief and a demand for judgment for the relief the pleader seeks" is required. *Bank One, N.A. v. Echo Acceptance Corp.*, 2004 WL 5857974, at *9 (S.D. Ohio) (quoting *Sky Technologies Partners v. Midwest Rsch. Inst.* 125 F. Supp. 2d 286, 298 (S.D. Ohio 2000)).

Here, Count 11 of the proposed Second Amended Complaint alleges the parties orally agreed regarding the goods and services at issue; Plaintiff provided the goods and services Defendant requested; Defendant accepted and used the goods and services provided; and Defendant breached the oral contract by refusing to pay Plaintiff in full. (Doc. 26-1, at 27-28). Additionally, Plaintiff makes a demand for judgment in the form of "an amount in excess of $310,898.48, plus costs, attorneys' fees, interest, and such further relief as the Court deems equitable and just." *Id*. at 28. Therefore, the proposed Second Amended Complaint contains sufficient factual allegations to state a claim for breach of oral contract. *See Hudec Dental Assocs., Inc. v. Multimedia Dental Sys., Inc.*, 2011 WL 13233353, at *3 (N.D. Ohio) (holding allegations that "Plaintiffs made oral agreements with Defendants relating to the hardware, software, and services at issue; that Plaintiffs paid for the hardware, software, and services; that Plaintiffs received the hardware and software and accepted them; and that Defendants breached those oral agreements" were sufficient to state a breach of oral contract claim). Therefore, it cannot be said this proposed amendment would be futile. *Beydoun*, 871 F.3d at 469. Plaintiff's Motion for Leave to Amend is therefore granted as to Count 11 of the proposed Second Amended Complaint. Correspondingly, Defendant's Motion to Dismiss, as it pertains to Count 2 of the First Amended Complaint, is denied as moot.

7

*Count 14*

Finally, Plaintiff seeks to add a claim of conversion. (Doc. 26-1, at 30). Under Ohio law, a claim for conversion requires "(1) [P]laintiff's ownership or right to possess the property at the time of conversion; (2) [D]efendant's conversion by a wrongful act or disposition of Plaintiff's property; and (3) damages." *Calvey v. Stifel, Nicolaus & Co., Inc.*, 850 F. App'x 344, 350 (6th Cir. 2021) (quoting *Kuvedina, LLC v. Cognizant Tech. Sols.*, 946 F. Supp. 2d 749, 761 (S.D. Ohio 2013)). When a claim for conversion involves money, a plaintiff can state a claim "only where the funds are 'earmarked' or otherwise specifically capable of identification[.]" *Wiggins v. Bank of Am.*, 488 F. Supp. 3d 611, 639 (S.D. Ohio 2020) (quoting *Haul Transp. of VA, Inc. v. Morgan*, 1995 WL 328995, at *3 (Ohio Ct. App.)). Thus, conversion occurs only "where there is an obligation to keep intact and deliver specific money, 'rather than to merely deliver a certain sum.'" *Macula v. Lawyers Title Ins. Corp.*, 2008 WL 3874686, at *5 (N.D. Ohio) (quoting *Morgan*, 1995 WL 328995, at *4)). A claim for conversion will lie "against a contracting party independent of a breach of contract claim so long as the plaintiff alleges a breach of a duty owed separately from obligations created by the contract." *DeNune v. Consol. Cap. of N. Am., Inc.*, 288 F. Supp. 2d 844, 854 (N.D. Ohio 2003) (citing *Battista v. Lebanon Trotting Ass'n*, 538 F.2d 111, 117 (6th Cir. 1976)).

In the proposed Second Amended Complaint, Plaintiff alleges Defendant's insurance carrier participated in "monitoring, approving the scope, and paying for the work to be performed by [Plaintiff]." (Doc. 26-1, at 30). Plaintiff further alleges Defendant "approved [Plaintiff's invoices] for payment by its insurer and obtained funds from its insurer that were earmarked for payment to [Plaintiff]." *Id*. In response, Defendant argues Plaintiff has failed to allege any specific, identifiable funds or an obligation to deliver such funds. (Doc. 27, at 12-13).

8

Plaintiff's claim for conversion fails to state a claim for several reasons. First, Plaintiff's prayer for relief seeks damages "in an amount in excess of $2,000,000.00, plus costs attorneys' fees, interest and such further relief as the Court deems equitable and just." (Doc. 26-1, at 31). While Plaintiff does allege the funds were earmarked for payment to Plaintiff, Plaintiff does not allege an obligation to keep intact and deliver specific money. *See id*. at 30; *Macula*, 2008 WL 3874686, at *5.

Additionally, Plaintiff has failed to allege a breach of a duty owed separately from obligations created by the contract between the parties. *DeNune*, 288 F. Supp. 2d at 854. In the proposed Second Amended Complaint, Plaintiff alleges Defendant "obtained the payment from its insurer by representing that the money would be paid to [Plaintiff] for performing the work that had been approved for payment by [Defendant's] insurer." (Doc. 26-1, at 30-31). Based on this language, it is clear the alleged obligation to pay Plaintiff stems from the obligations arising from the contract. Nowhere in the proposed Second Amended Complaint does Plaintiff allege a *separate* duty was created. For these reasons, the conversion claim would not survive a motion to dismiss, making this amendment futile. As such, Plaintiff's Motion for Leave to Amend is denied as to proposed Count 14. *Beydoun*, 871 F.3d at 469.

In summary, Plaintiff's Motion for Leave to File a Second Amended Complaint is granted as to proposed Counts 1-13 and denied as to proposed Count 14.

## Conclusion

For the foregoing reasons, good cause appearing, it is

ORDERED that Plaintiff's Motion for Leave to File Second Amended Complaint (Doc. 26) be, and the same hereby is, GRANTED in part and DENIED in part as set forth herein; and it is

FURTHER ORDERED that Defendant's Motion to Dismiss (Doc. 23), be and the same hereby is, DENIED AS MOOT.

_s/ James R. Knepp II_
UNITED STATES DISTRICT JUDGE